**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| ALTAGRACIA JOVEL LAZO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER S. BULLOCK, *ICE Field Office Director of the New Orleans Field Office*;<br>DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*;<br>MARKWAYNE MULLIN, *Secretary of Homeland Security*; and<br>TODD BLANCHE, *U.S. Attorney General*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 3:26-cv-01779 |

**ORDER TO SHOW CAUSE, EXPEDITED RETURN, AND TEMPORARY RESTRAINING ORDER**

Before the Court is Petitioner's Emergency Motion for Order to Show Cause, Expedited Return, and Temporary Restraining Order, with Incorporated Memorandum of Law. Petitioner seeks expedited review of her Verified Petition for Writ of Habeas Corpus and temporary relief concerning her detention location.

The Verified Petition alleges that ICE took Petitioner into custody on November 6, 2026, following her release from Robertson County Jail in Tennessee. Counsel reports that she has been unable to communicate directly with Petitioner, confirm her present place of confinement, identify her immediate custodian, or obtain the records establishing the statutory basis for detention. The ICE Online Detainee Locator System directed counsel to contact ICE for further information. The Petition challenges any reliance on 8 U.S.C. §

1225(b)(2)(A) as inconsistent with *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and alternatively seeks custody consideration under 8 U.S.C. § 1226(a), absent an applicable mandatory-detention provision.

The Court finds that an expedited response is warranted under 28 U.S.C. § 2243. Accordingly, the Emergency Motion is **GRANTED** to the extent set forth below.

1. Respondents shall SHOW CAUSE within three (3) days after entry of this Order why the Verified Petition should not be granted. The return shall identify Petitioner's present physical location, the facility where she is confined, the official exercising immediate physical custody over her, and any transfer occurring after the Petition was filed. Respondents shall certify the factual and statutory basis for her present detention.

2. If Respondents rely upon 8 U.S.C. § 1225(b)(2)(A), their return shall address *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If they rely upon 8 U.S.C. § 1226(c) or another mandatory-detention provision, they shall identify the precise subsection and the facts supporting its application.

3. Respondents shall file with their return the material custody records upon which they rely, including any Form I-200, Form I-213, Form I-286 or other custody determination, operative Notice to Appear, and any existing transfer or removal directive. To the extent any identified record is unavailable, Respondents shall explain why.

4. Respondents shall promptly facilitate confidential communication between Petitioner and her counsel and identify a contact through whom counsel may arrange that communication.

5. Pending further order, Respondents shall not transfer Petitioner outside Tennessee or remove her from the United States without prior leave of Court. If Petitioner has already been transferred outside Tennessee, Respondents shall immediately disclose her location and return her to an appropriate detention facility within Tennessee within forty-eight (48) hours, unless otherwise ordered by the Court.

6. Respondents shall promptly convey these temporary restrictions to personnel responsible for Petitioner's physical custody and transportation. The temporary restraints shall expire fourteen (14) days after entry of this Order unless extended for good cause, extended by consent, or superseded by further order of the Court. Fed. R. Civ. P. 65(b)(2).

7. Petitioner may file a traverse within three (3) business days after service of Respondents' return. The Court reserves consideration of whether an expedited hearing is necessary.

8. No security is required under Federal Rule of Civil Procedure 65(c).

It is so **ORDERED**.

**WILLIAM L. CAMPBELL, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**