**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ALTAGRACIA JOVEL LAZO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-cv-01779** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CHRISTOPHER S. BULLOCK, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM AND ORDER**

Petitioner Altagracia Jovel Lazo was taken into United States Immigration and Customs Enforcement ("ICE") custody in the Middle District of Tennessee on November 6, 2026, and immediately transferred to the Western Tennessee Detention Facility in Mason, Tennessee. (Doc. No. 1 ¶ 5; Doc. No. 8 at 2). For the reasons stated herein, Petitioner's pending Verified Petition for Writ of Habeas Corpus is **GRANTED**.

Petitioner, through counsel, initiated this habeas action on November 6, 2026, by filing the present Verified Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging being unlawfully detained and denied a bond hearing by Respondents in violation of the of the Fifth Amendment Due Process clause and the Immigration and Nationality Act. (*See* Doc. No. 1). Petitioner has resided in the United States since May 2019 and has pending removal proceedings before the Memphis Immigration Court. (*Id.* ¶ 1). Petitioner has also filed an application for asylum and related protection on Form I-589. (*Id.*). No final order of removal has been entered against Petitioner. (*Id.*).

On November 12, 2026, the Government filed a response to the Petition (Doc. No. 8), as directed by the Court's November 9, 2026 Order (Doc. No. 7). In its response, the Government asserts that "Petitioner, at the time of this filing, has not complied with the procedures for filing

a Motion for bond hearing or custody redetermination hearing with the immigration court." (Doc. No. 8 at 3). Thus, the Government appears to argue that Petitioner need not be released because she has not *requested* a bond hearing. However, as the Government is aware, judges in this district have issued decisions rejecting this *exact* argument as meritless *before* the Government illegally detained Petitioner and made that same argument in its response in the present matter:

> As the Government is well aware, the Sixth Circuit's decision in *Lopez-Campos v. Raycraft* held that governmental detentions of aliens subject to 8 U.S.C. § 1226(a) without bond hearings are unlawful and violate the Due Process Clause of the Fifth Amendment. 175 F.4th 713, 734 (6th Cir. 2026). The Government *concedes* that the Sixth Circuit's ruling in *Lopez-Campos* "controls the outcome of this matter," that it "is binding on this Court," and that the Petitioner was "detained under § 1226(a)." (Doc. No. 12 at 2–3.) Those concessions are dispositive here and mandate the Petitioner's immediate release from detention. Likewise, the Government is equally well aware that this court has rejected the argument that an alien detained by the government must request a bond hearing before one is provided. In fact, Judge Richardson of this court just a few days ago rejected that same argument. *See Cabrera v. Bullock, et al.*, No. 3:26-cv-01322 (Sept. 21, 2026), Doc. No. 11 at *3 ("[T]he Court does not credit Respondent's argument that Petitioner needs to request a bond hearing before the Court is able to order Petitioner's release."). Judge Richardson issued his decision *before* the Government made that same argument in its Response in this case.
>
> To remove any doubt, the court finds that the Petitioner's detention violated his due process rights and that a bond hearing at this point could not cure that blatant constitutional violation. Accordingly, the court hereby **ORDERS** the Government to immediately release the Petitioner from detention in light of the undisputed fact that the Petitioner's right to a bond hearing under 8 U.S.C. § 1226(a) was denied. *See Yao v. Almodovar*, 813 F. Supp 3d 461, 477 (S.D.N.Y. 2025) (ordering detained alien's immediate release from detention when the alien was subject to § 1226(a) and detained without any process); *Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (same); *Cabrera*, No. 3:26-cv-01322, Doc. No. 11 at *3 (same).

*Perdomo Amaya v. Bullock*, 2026 WL 2873809, at *2 (M.D. Tenn., Sept. 24, 2026) (emphasis in original).

"ICE's decision to detain [Petitioner] without a bond hearing violated that liberty interest [to be free from detention], which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release." *Chavez Ortiz*, 2026 WL 2455344, at *2 (citing *Villafranca Lara v. Ladwig*, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).")); *see also Cardona v. Ladwig*, 2025 WL 3722009, at *7 (M.D. Tenn. Dec. 23, 2025) (ordering Petitioner's immediate release rather than a bond hearing after finding he was unlawfully detained under 8 U.S.C. § 1225(b)(2)). Therefore, consistent with *Lopez-Campos*, *Villafranca Lara*, *Chavez Ortiz*, *Perdomo Amaya,* and *Cabrera*, and after consideration of the record, the Petition (Doc. No. 1) is **GRANTED**.

For the reasons stated above, the Petition is **GRANTED** to the extent it requests the immediate release of Petitioner. Respondents are **ORDERED**, at the Government's expense, to transfer Petitioner back to the Middle District of Tennessee by no later than 12:00 noon CST on Saturday, November 14, 2026, with all possessions, property, and documents that Petitioner had at the time she was taken into custody. Immediately following Petitioner's return to this District, Respondents are **ORDERED** to release Petitioner from custody. Respondents are **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2). Respondents are **FURTHER ORDERED** to file a status report with this Court within **two business days**, to certify compliance with this Order.

It is so **ORDERED**.

William L. Campbell Jr.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE